UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CALVIN W. WYNN, | ) | 1:10-cv-00053-LJO-GSA-PC |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING ACTION FOR |
| | ) | FAILURE TO STATE A CLAIM |
| vs. | ) | (Doc. 1.) |
| | ) | |
| JONATHAN RENSHAW, et al., | ) | ORDER DIRECTING CLERK TO CLOSE |
| | ) | CASE |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff, Calvin W. Wynn ("plaintiff"), is a state prisoner proceeding with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint on January 11, 2010. (Doc. 1.)

**I.   SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

## II.  SUMMARY OF COMPLAINT

Plaintiff is a state prisoner presently incarcerated at the Central Valley Modified Community Correctional Facility ("CVMCCF") in McFarland, California. Plaintiff filed the complaint initiating this action on January 11, 2010 and names three defendants, Jonathan Renshaw, Ken Katz, and Ralph Piearcy, all state parole officers. Plaintiff requests as relief money damages for placing him in illegal custody in retaliation for filing a Form 602 Complaint against a parole officer.

## III.  HABEAS CORPUS

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Wilkinson v. Dotson, 544 U.S. 74, 125 S.Ct. 1242, 1245-48 (2005); Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991). "[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson, 544 U.S. at 81-2, 125 S.Ct. at 1248 (2005). Moreover, when seeking relief for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S.

477, 487-88 (1994).  "A claim . . . bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488.

In the complaint, plaintiff clearly challenges his conviction and sentence. Plaintiff claims he was illegally sentenced in retaliation for filing a Form 602 Complaint against a parole officer. He seeks as relief monetary damages and a finding that defendants are liable for placing him in illegal custody for 240 days. Success in this action would necessarily demonstrate the invalidity of his confinement or its duration. Therefore, plaintiff's sole federal remedy is a writ of habeas corpus, and the court shall dismiss the claim without prejudice.

## IV.   CONCLUSION

The court finds that plaintiff's complaint does not contain a claim upon which relief may be granted under section 1983. The court also finds that the deficiencies in the complaint are not capable of being cured by amendment, and therefore leave to amend shall not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Therefore, based on the foregoing analysis, IT IS HEREBY ORDERED that:

1. This action is dismissed, without prejudice, based on plaintiff's failure to state a claim upon which relief may be granted under section 1983; and
2. The Clerk is directed to close this case.

IT IS SO ORDERED.

**Dated:   January 15, 2010**              /s/ Lawrence J. O'Neill
                                            UNITED STATES DISTRICT JUDGE

3